**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| VALTON EASON and | § | |
| TERESA EASON, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. H-18-717 |
| v. | § | |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST | § | |
| COMPANY and OCWEN LOAN | § | |
| SERVICING, LLC | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION GRANTING THE DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Deutsche Bank National Trust Company and Ocwen Loan Servicing, LLC, jointly move for summary judgment, arguing that the statute of limitations on their right to foreclose on the plaintiffs' property has not expired and that all other requirements for foreclosure are met, precluding the homeowners' claims. (Docket Entry No. 9). For the reasons stated below, the motion is granted and this case is dismissed with prejudice. Final judgment is entered by separate order.

**I. Background**

In September 2005, Teresa Eason, at the time Teresa McGrew, financed a home purchase in Houston, Texas by signing an Adjustable Rate Note for $132,000 payable to Decision One Mortgage Company, LLC. (Docket Entry No. 9-1 at 7). The same day, Teresa Eason and her husband, Valton Eason, signed a Deed of Trust granting a security interest in the property to secure repayment on the Note. (Docket Entry No. 9-1 at 12). In June 2011, the Note transferred

to the current holder, Deutsche Bank. (Docket Entry No. 9-1 at 44). Ocwen currently services the loan. (Docket Entry No. 9-1 at 32).

After the Easons failed to make their monthly mortgage payments and defaulted on the mortgage loan, the property was sold at a foreclosure sale in August 2011. (Docket Entry No. 9-1 at 48). That sale was rescinded on June 11, 2013. (Docket Entry No. 9-1 at 57–58). The rescission of the sale restored title to the Easons. Two years later, in June 2015, Ocwen, on behalf of Deutsche Bank, sent the Easons a new Notice of Default and Intent to Accelerate, notifying them that they were behind in their mortgage payments and were in default. (Docket Entry No. 9-1 at 32). The notice provided the Easons the opportunity to cure the default by paying the full amount due, $83,174.89, within 30 days. (*Id.*). The notice warned that failing to pay the amount due within 30 days would result in acceleration of the Note's maturity date, making the full principal plus accrued interest immediately due and payable. ( *Id.*). The Easons did not pay.

In September 2015, Ocwen sent another notice on behalf of Deutsche Bank, notifying the Easons that the maturity date had been accelerated and the full unpaid principal, plus interest, was due and payable effective immediately. (Docket Entry No. 9-1 at 35). The notice stated that the property would be listed at a foreclosure sale on October 6, 2015. (*Id.*).

The Easons sued in state court for an injunction preventing the foreclosure in November 2017, alleging that the four-year statute of limitations to foreclose on the property had expired because the loan had been accelerated in 2011, six years before, but Deutsche Bank had not foreclosed at that time. The Easons also sought damages. (Docket Entry No. 1). Deutsche Bank timely removed. At the initial pretrial conference in this court in April 2018, the court ordered the parties to exchange relevant documents, allowed one deposition for each party, and set a

deadline for any motion to dismiss or motion for summary judgment. (Docket Entry No. 8). The Easons neither provided documents to the defendants nor filed a motion. Deutsche Bank and Ocwen provided their documents and moved for summary judgment. (Docket Entry No. 9). The Easons did not respond.

## II.    The Legal Standard

"Summary judgment is appropriate only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Vann v. City of Southaven, Miss.*, 884 F.3d 307, 309 (5th Cir. 2018) (citations omitted); *see also* FED. R. CIV. P. 56(a). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Burrell v. Prudential Ins. Co. of Am.*, 820 F.3d 132, 136 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). "The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Brandon v. Sage Corp.*, 808 F.3d 266, 269–70 (5th Cir. 2015) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating . . . that there is an issue of material fact warranting trial.'" *Kim v. Hospira, Inc.*, 709 Fed. App'x 287, 288 (5th Cir. 2018) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)). While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n.16 (5th Cir. 1994)). A fact is material if "its resolution

could affect the outcome of the actions." *Aly v. City of Lake Jackson*, 605 Fed. App'x 260, 262 (5th Cir. 2015) (citing *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007)). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *Pioneer Exploration, LLC v. Steadfast Ins. Co.*, 767 F.3d 503 (5th Cir. 2014).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Bailey v. E. Baton Rouge Par. Prison*, 663 Fed. App'x 328, 331 (5th Cir. 2016) (quoting *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010)). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Jurach v. Safety Vision, LLC*, 642 Fed. App'x 313, 317 (5th Cir. 2016) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Darden v. City of Fort Worth*, 866 F.3d 698, 702 (5th Cir. 2017).

## III. Analysis

The parties agree that the limitations period is four years from the day the claim accrues. TEX. CIV. PRAC. & REM. CODE § 16.035(a). Generally, the limitations period does not begin to run until the maturity date of a loan. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). When a loan contains an optional acceleration clause, the claim accrues when the noteholder exercises its option to accelerate. *Id.* Acceleration requires a clear

and unequivocal notice of intent to accelerate and of acceleration. *Id.* Deutsche Bank and Ocwen accelerated the loan and sent the Easons notice in 2011. The dispute is whether a rescission of that acceleration prevented the four-year limitations period from expiring in 2015.

"The acceleration of a note can be abandoned 'by agreement or other action of the parties.'" *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015) (citing *Khan v. GBAK Props.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.)). "Abandonment of acceleration has the effect of restoring the contract to its original conditions, thereby restoring the note's original maturity date for purposes of accrual." *Id.* (quoting *Khan*, 371 S.W.3d at 353). Texas law frames abandonment of a prior acceleration in waiver terms. *Id.* at 105. "A lender waives its earlier acceleration when it 'put[s] the debtor on notice of its abandonment . . . by requesting payment on less than the full amount of the loan.'" *Id.* at 106 (quoting *Leonard v. Ocwen Loan Servicing, L.L.C.*, 616 Fed. App'x 677 (5th Cir. 2015)) (a second notice of default informing the plaintiffs that the total payment required to bring their loan current was the past-due amount manifested an unequivocal intent to abandon the prior acceleration). "A plain example of waiver is where the lender 'put[s] the debtor on notice of its abandonment . . . by requesting payment on less than the full amount of the loan.'" *DeFranceschi v. Seterus, Inc.*, No. 17-11151, 2018 U.S. App. LEXIS 10633, at *5 (5th Cir. Apr. 26, 2018) (quoting *Boren*, 807 F.3d at 106) (a notice of default and a request for payment of less than the full loan amount was "precisely the kind of action which *Boren* recognized as abandonment"). That action restores the loan to its original condition and maturity date for purposes of accrual. *See Seigel v. U.S. Bank Nat'l Ass'n*, 218 F. Supp. 3d 541, 546 (S.D. Tex. 2016) (notice of default and intent to accelerate abandoned prior acceleration and reset the statute of limitations).

The parties agree that the loan was originally accelerated on August 2, 2011, when the property was posted for a foreclosure sale. (Docket Entry No. 1-2 at 6; Docket Entry No. 9 at 7). The record evidence shows that Ocwen, on behalf of Deutsche Bank, sent a notice of default to both Valton Eason and Teresa Eason on June 8, 2015, within four years from the August 2, 2011 notice and before limitations expired. (Docket Entry No. 9-1 at 29, 32–33). The 2015 notice informed the Easons that they were delinquent in their payments and gave them the opportunity to cure the default by paying the total past-due amount of $83,174.89. (Docket Entry No. 9-1 at 32–33). The notice also warned that failing to do so would result in an acceleration of the loan, making the full principal amount and all accrued interest due immediately. By requesting payment of less than the full amount of the loan, Deutsche Bank and Ocwen abandoned the prior 2011 acceleration and reset the four-year statute of limitations. The new four-year limitations period has not yet expired and the defendants are not precluded from foreclosing on that basis.

Deutsche Bank and Ocwen also seek summary judgment that the Easons' other grounds for injunctive relief fail, as a matter of law. Injunctive relief under Texas law is a type of equitable remedy, not a stand-alone cause of action. *See Sam v. Wells Fargo Bank, N.A.*, No. 4:15-cv-03194, 2016 U.S. Dist. LEXIS 188835, at *31 (S.D. Tex. July 15, 2016) (citing *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-0592-D, 2010 U.S. Dist. LEXIS 69239 (N.D. Tex. July 12, 2010); *Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist] 2008, no pet.)). "To sustain a claim for injunctive relief, a plaintiff must first plead a viable underlying cause of action." *Id.* (quoting *McLaughlin v. Wells Fargo Bank, N.A.*, No. 4:12-cv-02658, 2013 U.S. Dist. LEXIS 131602, at *14 (S.D. Tex. Sept. 13, 2013) (quoting *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002)).

The undisputed record evidence shows that the Easons cannot as a matter of law establish their claims for wrongful foreclosure. Their claims for injunctive relief also fail. The same is true for the Easons' claim for attorneys' fees. *See Velasquez v. Wells Fargo Bank, NA*, No. 5:13-CV-196, 2014 U.S. Dist. LEXIS 64206, at *15 (S.D. Tex. May 9, 2014) ("To recover attorneys' fees, Plaintiffs must prevail on a cause of action for which attorneys' fees are recoverable." (citing *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997))).

## IV. Conclusion

The defendants' motion for summary judgment, (Docket Entry No. 9), is granted. Final judgment is entered separately.

SIGNED on June 25, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge